**Meir J. Westreich [CSB 73133]**
**Attorney at Law**
**221 East Walnut, Suite 200**
**Pasadena, California 91101**
**626.676.3585**
**meirjw@aol.com**

**Attorney for Defendant**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>EDWARD HELDMAN III,<br><br>　　　　　　Defendant. | Case No. 2:25-CR-00540-JLS<br><br>**APPLICATION TO CONTINUE DATE FOR DEFENDANT TO APPEAR FOR COMPETENCY HEARING; DECLARATION OF MEIR J. WESTREICH**<br><br>**Hon.　Josephine L. Staton** |

　　　　Defendant Edward Heldman III hereby submits this Application to Continue Competency Hearing from January 8, 2026 to March 12, 2026 or as soon thereafter as the Court's calendar permits; and extend time for expert reports to February 22, 2026. The Application is made on the following grounds.

　　　　1. On October 23, 2025 the Court granted defense motion t determine competency, setting a hearing thereon for January 8, 2026; ordered government to decide by November 7, 2025 whether it would seek its own expert valuation; and ordered expert reports to be filed by December 9, 2025.

　　　　2. On November 7, 2025, the Government filed its declination to seek its own expert valuation.

　　　　3. The gravamen of the competency motion was a mental condition derived from psychotropic medications administered for alcohol dependency and bipolar

APPLICATION TO CONTINUE COMPETENCY HEARING

1  depression.  In an effort to wean Heldman from the first after longtime application, it was prematurely and improperly withdrawn which caused mental issues, and triggered the bipolar issues; and the drugs administered for the latter further exacerbated the problems with the former; and ad hoc efforts to address these issues by multiple experts made matters still worse.

4. Heldman has for the past eight weeks seen a new psychiatrist [DR. Karl Marku] who has assumed control of the medications regimen and is stabilizing the situation.  Results appear to be eventually fully successful, i.e. his competency will be restored, but some additional time is required.

5. Specifically, Heldman is back on his Kalonopine regimen, and will remain so for the foreseeable future.   The prior medications for bipolar depressions [e.g. Lamotrigine] have not only been unsuccessful, but badly interacted with the other medication; and as of yesterday he started yet another one [Quetiapine], with results remaining to be seen for at least 3-4 weeks.

6. Dr. Marku informs me that he is confident of fully restored competency, that substantial progress is being made, and that after a few weeks on the new medication likely there will no longer be a competency issue.  Dr. Marku unfortunately will be on holiday vacation and the earliest next date to see Heldman is January 8, 2026, and not for another week thereafter.

7. Dr. Marku is not covered by Heldman's ACA insurer and is very expensive. It would be helpful if only one later expert report is required.

8. The requested continuance and extension will afford time for there too be a  full recovery of competency.

9. Defense counsel still does not believe he can ethically engage his client to make competent key client decisions in this or a even a companion civil appeal from orders in the underlying civil action; and he still does not believe that he can ethically and competently do so until these medication issues and their effects are stabilized.

10. Hence, since the current condition remains temporary, and this further brief continuance is in order, indeed necessary.

This application is based on the following Declaration of Meir J. Westreich.

## NOTICE TO PLAINTIFF

11. Notice was given by e-mail to AUSA of a copy of this intended application on December 19, 2025 [without declaration]; and AUSA responded: "No opposition. Thanks."

Dated: December 19, 2025          MEIR J. WESTREICH, ESQ.

/s/ Meir J. Westreich
_____
Meir J. Westreich
Attorney for Defendant

## DECLARATION OF MEIR J. WESTREICH

1. I am attorney of record for Defendant herein.

2. Defendant Edward Heldman III hereby submits this Application to Continue Competency Hearing from January 8, 2026 to March 12, 2026 or as soon thereafter as the Court's calendar permits; and extend the time for expert reports to February 22, 2026.

3. On October 23, 2025 the Court granted defense motion t determine competency, setting a hearing thereon for January 8, 2026; ordered government to decide by November 7, 2025 whether it would seek its own expert valuation; and ordered expert reports to be filed by December 9, 2025.

4. On November 7, 2025, the Government filed its declination to seek its own expert valuation.

5. The gravamen of the competency motion was a mental condition derived from psychotropic medications administered for alcohol dependency and bipolar depression. In an effort to wean Heldman from the first after longtime application, it was prematurely and improperly withdrawn which caused mental issues, and triggered the bipolar issues; and the drugs administered for the latter further

1  exacerbated the problems with the former; and ad hoc efforts to address these issues
2  by multiple experts made matters still worse.

3     6. Heldman has for the past eight weeks seen a new psychiatrist [DR. Karl
4  Marku] who has assumed control of the medications regimen and is stabilizing the
5  situation.  Results appear to be eventually fully successful, i.e. his competency will
6  be restored, but some additional time is required.

7     7. Specifically, Heldman is back on his Kalonopine [Clonazapam] regimen,
8  and will remain so for the foreseeable future.  The prior medications for bipolar
9  depressions [e.g. Lamotrigine] have not only been unsuccessful, but badly interacted
10 with the other medication; and as of yesterday he started yet another one [Quetiapine],
11 with results remaining to be seen for at least 3-4 weeks.

12     8. Dr. Marku informs me that he is confident of fully restored competency, that
13 substantial progress is being made, and that after a few weeks on the new medication
14 likely there will no longer be a competency issue.  Dr. Marku unfortunately will be
15 on holiday vacation and the earliest next date to see Heldman is January 8, 2026, and
16 not for another week thereafter.

17     9. Dr. Marku is not covered by Heldman's ACA insurer and is very expensive.
18 It would be helpful if only one later expert report is required.

19     10.  The situation remains where I do not believe I can ethically engage my
20 client to make competent key client decisions in this or a even a companion civil
21 appeal from orders in the underlying civil action; and I do not believe that I can
22 ethically and competently do so until these medication issues and their effects are
23 stabilized.

24     11. Clearly, the latter has significant implications re Defendant's legal ability
25 to make requisite legal decisions and waivers in a change of plea, which counsel must
26 ethically and competently join, until that stabilization occurs.  Any such actions
27 would otherwise be of dubious validity, even assuming one can get over the attorney
28

1  ethical barriers.  *See Cooper v. Oklahoma*, 517 U.S. 348 (1996); *Godinez v. Moran*,
2  509 U.S. 389 (1993)

3      12.  Indeed, if I were standing in Court at this moment, I could not join in any
4  waiver of substantial rights or consent thereto; nor do I anticipate a sufficient change
5  by 01.08.26.

6      13.  However, since the current condition is temporary, and the situation is
7  gradually improving with proper healthcare.  Hence, a further brief continuance is in
8  order, indeed necessary.

9      14.  The requested continuance and extension will afford time for there too be
10  a full recovery of competency.

**NOTICE TO PLAINTIFF**

12      15.  Notice was given by e-mail to AUSA of a copy of this intended application
13  on December 19, 2025 [without declaration]; and AUSA responded: "No opposition.
14  Thanks."

15      I declare under penalty of perjury that the above is true and correct.  Executed
16  on December 19, 2025 at Los Angeles, California.

                                                S/ Meir J. Westreich

                                                Meir J. Westreich