**Meir J. Westreich [CSB 73133]**
**Attorney at Law**
**221 East Walnut, Suite 200**
**Pasadena, California 91101**
**626.676.3585**
**meirjw@aol.com**

**Attorney for Defendant**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

EDWARD HELDMAN III,

Defendant.

Case No. 2:25-CR-00540-JLS

**APPLICATION TO CONTINUE DATE FOR DEFENDANT TO APPEAR FOR COMPETENCY HEARING; DECLARATION OF MEIR J. WESTREICH [UNOPPOSED]**

**Hon.   Josephine L. Staton**

Defendant Edward Heldman III hereby submits this Application to Continue Competency Hearing from May 28, 2026 to August 20, 2026; and extend time for expert reports to a date three weeks preceding.  The Application is made on the following grounds.

1.  On October 23, 2025 the Court granted defense motion to determine competency, setting a hearing thereon for January 8, 2026; ordered government to decide by November 7, 2025 whether it would seek its own expert valuation; and ordered expert reports to be filed by December 9, 2025.

2. On November 7, 2025, the Government filed its declination to seek its own expert valuation.

3. The gravamen of the competency motion was a mental condition derived

APPLICATION TO CONTINUE COMPETENCY HEARING

from psychotropic medications administered for alcohol dependency and bipolar depression.  In an effort to wean Heldman from the first after longtime application, it was prematurely and improperly withdrawn which caused mental issues, and triggered the bipolar issues; and the drugs administered for the latter further exacerbated the problems with the former; and ad hoc efforts to address these issues by multiple experts made matters still worse.

4. Heldman has for the past twenty-six weeks seen a new psychiatrist [Dr. Karl Marku], on a weekly basis, who has assumed control of the medications regimen and is stabilizing the situation; and he is also receiving counseling therapy.  Results appear to be eventually fully successful, i.e. his competency will be restored, but some additional time is required.

5. Specifically, Heldman is back on his Kalonopine regimen, and will remain so for the foreseeable future.   The prior medications for bipolar depressions [e.g. Lamotrigine] have not only been unsuccessful, but badly interacted with the other medication; and as of yesterday he started yet another one [Quetiapine, with different timing mechanism], with results remaining to be seen for at least 3-4 weeks.

6. Dr. Marku informed undersigned that he is confident of fully restored competency, that substantial progress is being made, and that after a few weeks on the new medication likely there will no longer be a competency issue.  However, the ever-changing bipolar medication regimen so far has filed to correct the chemical imbalances between the two drugs, and he cannot cease or alter the Kalonopine regimen used to maintain alcohol sobriety. [Report Filed 05.07.26].

7. With yet another change, and a projected further 4+ weeks to assess its effectiveness, and possible success in the following weeks [Report Filed 05.07.26], a 10-12 week continuance is being requested.

8. An agreed date has been cleared with the CRD for 08.20.26.

APPLICATION TO CONTINUE COMPETENCY HEARING

2

9. Dr. Marku is not covered by Heldman's ACA insurer and is very expensive. It would be helpful if only one later expert report is required.

10. The requested continuance and extension will afford time for there too be a  full recovery of competency.

11. Defense counsel still does not believe he can ethically engage his client to make competent key client decisions in this or a even a companion civil appeal from orders in the underlying civil action; and he still does not believe that he can ethically and competently do so until these medication issues and their effects are stabilized.

12. Hence, since the current condition remains temporary, and this further brief continuance is in order, indeed necessary.

13. This application is based on the following Declaration of Meir J. Westreich.

<strong>NOTICE TO PLAINTIFF</strong>

14. Notice was given by e-mail to AUSA of this request by e-mail after filing of the Report [05.07.26], with response [05.08.26] first:  "No objection to your stip. thanks" followed [05.11.26] by agreement to new date of 08.20.26.

Dated: May 11, 2026                 MEIR J. WESTREICH, ESQ.

/s/ Meir J. Westreich

_____
Meir J. Westreich
Attorney for Defendant

<strong>DECLARATION OF MEIR J. WESTREICH</strong>

1. I am attorney of record for Defendant herein.

2. Defendant Edward Heldman III hereby submits this Application to Continue Competency Hearing from May 28, 2026 to August 20, 2026 and extend time for expert reports to a date three weeks preceding.

3. On October 23, 2025 the Court granted defense motion to determine competency, setting a hearing thereon for January 8, 2026; ordered government to

decide by November 7, 2025 whether it would seek its own expert valuation; and ordered expert reports to be filed by December 9, 2025.

4. On November 7, 2025, the Government filed its declination to seek its own expert valuation.

5. The gravamen of the competency motion was a mental condition derived from psychotropic medications administered for alcohol dependency and bipolar depression.  In an effort to wean Heldman from the first after longtime application, it was prematurely and improperly withdrawn which caused mental issues, and triggered the bipolar issues; and the drugs administered for the latter further exacerbated the problems with the former; and ad hoc efforts to address these issues by multiple experts made matters still worse.

6. Heldman has for the past twenty-six weeks seen a new psychiatrist [Dr. Karl Marku], on a weekly basis, who has assumed control of the medications regimen and is stabilizing the situation; and he is also receiving counseling therapy.  Results appear to be eventually fully successful, i.e. his competency will be restored, but some additional time is required.

7. Specifically, Heldman is back on his Kalonopine regimen, and will remain so for the foreseeable future.   The prior medications for bipolar depressions [e.g. Lamotrigine] have not only been unsuccessful, but badly interacted with the other medication; and as of yesterday he started yet another one [Quetiapine, with different timing mechanism], with results remaining to be seen for at least 3-4 weeks.

8. Dr. Marku informed undersigned that he is confident of fully restored competency, that substantial progress is being made, and that after a few weeks on the new medication likely there will no longer be a competency issue.  However, the ever-changing bipolar medication regimen so far has filed to correct the chemical imbalances between the two drugs, and he cannot cease or alter the Kalonopine regimen used to maintain alcohol sobriety. [Report Filed 05.07.26].

9.  With yet another change, and a projected further 4+ weeks to assess its effectiveness, and possible success in the following weeks [Report Filed 05.07.26], a 10-12 week continuance is being requested.

10.  An agreed date has been cleared with the CRD for 08.20.26.

11.  The requested continuance and extension will afford time for there too be a  full recovery of competency.

12.  Defense counsel still does not believe he can ethically engage his client to make competent key client decisions in this or a even a companion civil appeal from orders in the underlying civil action; and he still does not believe that he can ethically and competently do so until these medication issues and their effects are stabilized.

13.  Hence, since the current condition remains temporary, and this further brief continuance is in order, indeed necessary..

14.  The situation remains where I do not believe I can ethically engage my client to make competent key client decisions in this or a even a companion civil appeal from orders in the underlying civil action; and I do not believe that I can ethically and competently do so until these medication issues and their effects are stabilized.

15.  Clearly, the latter has significant implications re Defendant's legal ability to make requisite legal decisions and waivers in a change of plea, which counsel must ethically and competently join, until that stabilization occurs.  Any such actions would otherwise be of dubious validity, even assuming one can get over the attorney ethical barriers. *See Cooper v. Oklahoma*, 517 U.S. 348 (1996); *Godinez v. Moran*, 509 U.S. 389 (1993)

16.  Indeed, if I were standing in Court at this moment, I could not join in any waiver of substantial rights or consent thereto; nor do I anticipate a sufficient change by 05.28.26 or in the weeks immediately following.

17.   However, since the current condition is temporary, and the situation is gradually improving with proper healthcare, a further brief continuance is in order, indeed necessary.

18.   The requested continuance and extension will afford time for there too be a  full recovery of competency.

### NOTICE TO PLAINTIFF

19.   Notice was given by e-mail to AUSA of this request by e-mail after filing of the Report [05.07.26], with response [05.08.26] frst:  "No objection to your stip. thanks" followed [05.11.26] by agreement to new date of 08.20.26.

I declare under penalty of perjury that the above is true and correct.  Executed on May 11, 2026 at Pasadena, California.

S/ Meir J. Westreich

_____

Meir J. Westreich
