**Meir J. Westreich [CSB 73133]**
**Attorney at Law**
**221 East Walnut, Suite 200**
**Pasadena, California 91101**
**626.676.3585**
**meirjw@aol.com**

**Attorney for Defendant**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD HELDMAN III,<br><br>Defendant. | Case No. 2:25-CR-00540-JLS<br><br>**APPLICATION TO CONTINUE DATE FOR DEFENDANT TO APPEAR FOR COMPETENCY HEARING; DECLARATION OF MEIR J. WESTREICH**<br><br>**Hon. Josephine L. Staton**<br><br>Date: August 20, 2026<br>Time: 9:30 a.m. |

Defendant Edward Heldman III hereby submits this Application to Continue Competency Hearing from August 20. 2026 to September 24, 2026. The Application is made on the following grounds. To be clear, no defiance of the prior orders [Dkt 44 & 50] is intended. The posited distinctions are reasonable.

1. Three previous continuances were granted – from 01.08.26 to 03.19.26, 06.28.26 and 08.20.26 – based on defense expert reports to the effect that Defendant's mental competence was gradually and progressively being restored, in light of an shifting, complicated regimen of Rx medications.

2. With the latest granted continuance, based in substantial part on a defense treating expert filed with the Court, the Court further Ordered:

**". . . . No further continuances will be granted**.

[05.12.26] [Dkt 44]. Recently, Mr.Heldmn was again ordered to appear 08.20.26 [Dkt 50].

3. With an unopposed extension to August 3, 2026, and another unopposed extension application to August 5, 2026 pending, defense expert reports [dated 07.09.26 and 08.04.26] were filed under seal on August 5, 2026, with an Rx addendum [dated 05.07.26 and 08.06.26] filed August 6, 2026 under seal. In said reports, the expert fairly can be said to continue to be of the opinion that, despite substantial improvement, "more time is needed to restore Defendant's competency."

4. This is not an application for a "further continuance[]" based on defense expert reports or any need for time to restore competency, as prohibited by the Court Order [05.12.26] [Dkt 44]. **Rather, it is based on an entirely new and different serious exigency that surfaced on August 5, 2026 involving his means of transport from his residence in Scottsdale, AZ in light of his medical condition – i.e. the means and manner by which Defendant previously appeared at earlier hearings – and consistent with his personal health and safety; and which exigency will be resolved by September 16, 2026**. See Explanatory Declaration of Meir J. Westreich filed concurrently herewith

5. Moreover, this exigency arose before the Order [Dkt 50] which was not entered until 08.10.26 and served 08.11.26, and errantly not seen until 08.13.26. See Explanatory Declaration of Meir J. Westreich filed concurrently herewith

6. With an unopposed extension to August 3, 2026, and another unopposed extension application to August 5, 2026 pending, defense expert reports [dated 07.09.26 and 08.04.26] were filed under seal on August 5, 2026, with an Rx addendum [dated 05.07.26 and 08.06.26] filed August 6, 2026 under seal. In said reports, the expert fairly can be said to continue to be of the opinion that, despite substantial improvement, "more time is needed to restore Defendant's competency."

7. An important aspect of the plea agreement fully understood by all was that calendaring needed to accommodate practical calendar considerations of Heldman: he resides in Arizona, attends intensive rehab programs, and due to certain Rx medications he has been taking under supervision of doctors and psychiatrists – documented prior to the plea agreement and ongoing un varying types and dosages – he must travel by car the day preceding the hearing, and be accompanied by a caretaker whose calendar is an issue given the roughly two day commitment involved.

8. Mr. Heldman resides in Scottsdale, Arizona, with his 80-year mother, for whom he is a caretaker.

9. Due to the Rx psychotropic medications he cannot suffer the tight confinement of airline flight, hence he needs to travel by car; he cannot drive lengthy distances or for prolonged time; and typically he needs periodic stops.

10. In his prior appearances, he has been attended and driven by Frank Cartledge. He is a retired marine who now works as – in his words as a "street preacher" – but in practical terms works with community entities that feed, house and treat homeless and people struggling with addictions but lacking means.

11. In that capacity, Mr. Cartledge began counseling Mr. Heldman, eventually driving him to his court appearances with attendant care-taking, including periodic stops. In so doing, they travel on the preceding day, staying at a nearby motel. He not only contributes his time, he assists Mr. Heldman with the expenses of travel.

**12. For Mr. Heldman to travel without requisite anticipatory protections would be extremely risky, with unpredictable triggers; but so much less so with proper treatment protocols, skilled hands-on management, and adequate flexibility.**

13. On August 5, 2026 Mr. Cartledge had cataract surgery in one eye; and will have a second eye surgery on August 25, 2026. His scheduled followup appointments conclude on September 16, 2026 and he will be able to drive and attend to Mr. Heldman by September 23, 2026.

14. Due to high blood pressure, Mr. Cartledge cannot suffer the stress of the travel process with Mr. Heldman even if someone else does the driving, mere day before his next scheduled surgery

15. Mr. Heldman has kept all of his obligations with pretrial services [a cooperating court office in Arizona]; and obviously, if Mr. Cartledge were to become no longer available, he would have to find and make alterative arrangements within his means, but would need time to do so as it is not merely a matter of securing a driver to do the mechanics of driving

16. Requisite inquiry was made with the CRD and calendaring approval for the herein proposed date on August 11, 2026. Undersigned was unaware of the Order [Dkt 50]. *See* Explanatory Declaration of Meir J. Westreich.

17. This application is based on the following Declaration of Meir J. Westreich and the concurrently filed Explanatory Declaration of Meir J. Westreich.

18. Notice was given by e-mail to AUSA, who opposes this motion due to the prior Order [Dkt 50].

Dated: August 13, 2026

MEIR J. WESTREICH, ESQ.
/s/ Meir J. Westreich

Meir J. Westreich
Attorney for Defendant

**DECLARATION OF MEIR J. WESTREICH**

1. I am attorney of record for Defendant herein.

2. Defendant Edward Heldman III hereby submits this Application to Continue Competency Hearing from August 20. 2026 to September 24, 2026.

1. Three previous continuances were granted – from 01.08.26 to 03.19.26, 06.28.26 and 08.20.26 – based on defense expert reports to the effect that Defendant's mental competence was gradually and progressively being restored, in light of an shifting, complicated regimen of Rx medications.

2. With the latest granted continuance, based in substantial part on a defense treating expert filed with the Court, the Court further Ordered:

**". . . . No further continuances will be granted**.

[05.12.26] [Dkt 44]. Recently, Mr.Heldmn was again ordered to appear 08.20.26 [Dkt 50].

3. With an unopposed extension to August 3, 2026, and another unopposed extension application to August 5, 2026 pending, defense expert reports [dated 07.09.26 and 08.04.26] were filed under seal on August 5, 2026, with an Rx addendum [dated 05.07.26 and 08.06.26] filed August 6, 2026 under seal. In said reports, the expert fairly can be said to continue to be of the opinion that, despite substantial improvement, "more time is needed to restore Defendant's competency."

4. This is not an application for a "further continuance[]" based on defense expert reports or any need for time to restore competency, as prohibited by the Court Order [05.12.26] [Dkt 44]. **Rather, it is based on an entirely new and different serious exigency that surfaced on August 5, 2026 involving his means of transport from his residence in Scottsdale, AZ in light of his medical condition – i.e. the means and manner by which Defendant previously appeared at earlier hearings – and consistent with his personal health and safety; and which exigency will be resolved by September 16, 2026**. See Explanatory Declaration of Meir J. Westreich filed concurrently herewith

5. Moreover, this exigency arose before the Order [Dkt 50] which was not entered until 08.10.26 and served 08.11.26, and errantly not seen until 08.13.26. See Explanatory Declaration of Meir J. Westreich filed concurrently herewith 6. With an unopposed extension to August 3, 2026, and another unopposed extension application to August 5, 2026 pending, defense expert reports [dated 07.09.26 and 08.04.26] were filed under seal on August 5, 2026, with an Rx addendum [dated 05.07.26 and 08.06.26] filed August 6, 2026 under seal. In said reports, the expert

fairly can be said to continue to be of the opinion that, despite substantial improvement, "more time is needed to restore Defendant's competency."

7. An important aspect of the plea agreement fully understood by all was that calendaring needed to accommodate practical calendar considerations of Heldman: he resides in Arizona, attends intensive rehab programs, and due to certain Rx medications he has been taking under supervision of doctors and psychiatrists – documented prior to the plea agreement and ongoing un varying types and dosages – he must travel by car the day preceding the hearing, and be accompanied by a caretaker whose calendar is an issue given the roughly two day commitment involved.

8. Mr. Heldman resides in Scottsdale, Arizona, with his 80-year mother, for whom he is a caretaker.

9. Due to the Rx psychotropic medications he cannot suffer the tight confinement of airline flight, hence he needs to travel by car; he cannot drive lengthy distances or for prolonged time; and typically he needs periodic stops.

10. In his prior appearances, he has been attended and driven by Frank Cartledge. He is a retired marine who now works as – in his words as a "street preacher" – but in practical terms works with community entities that feed, house and treat homeless and people struggling with addictions but lacking means.

11. In that capacity, Mr. Cartledge began counseling Mr. Heldman, eventually driving him to his court appearances with attendant care-taking, including periodic stops. In so doing, they travel on the preceding day, staying at a nearby motel. He not only contributes his time, he assists Mr. Heldman with the expenses of travel.

**12. For Mr. Heldman to travel without requisite anticipatory protections would be extremely risky, with unpredictable triggers; but so much less so with proper treatment protocols, skilled hands-on management, and adequate flexibility.**

13. On August 5, 2026 Mr. Cartledge had cataract surgery in one eye; and will have a second eye surgery on August 25, 2026. His scheduled followup appointments

conclude on September 16, 2026 and he will be able to drive and attend to Mr. Heldman by September 23, 2026.

14. Due to high blood pressure, Mr. Cartledge cannot suffer the stress of the travel process with Mr. Heldman even if someone else does the driving, mere day before his next scheduled surgery

15. Mr. Heldman has kept all of his obligations with pretrial services [a cooperating court office in Arizona]; and obviously, if Mr. Cartledge were to become no longer available, he would have to find and make alterative arrangements within his means, but would need time to do so as it is not merely a matter of securing a driver to do the mechanics of driving

16. Requisite inquiry was made with the CRD and calendaring approval for the herein proposed date on August 11, 2026. Undersigned was unaware of the Order [Dkt 50]. *See* Explanatory Declaration of Meir J. Westreich.

17. This application is based on the following Declaration of Meir J. Westreich and the concurrently filed Explanatory Declaration of Meir J. Westreich.

18. Notice was given by e-mail to AUSA, who opposes this motion due to the prior Order [Dkt 50].

I declare under penalty of perjury that the above is true and correct. Executed on August 14, 2026 at Pasadena, California.

S/ Meir J. Westreich

Meir J. Westreich