**Meir J. Westreich [CSB 73133]**
**Attorney at Law**
**221 East Walnut, Suite 200**
**Pasadena, California 91101**
**626.676.3585**
**meirjw@aol.com**

**Attorney for Defendant**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. EDWARD HELDMAN III, Defendant. | Case No. 2:25-CR-00540-JLS<br><br>**EXPLANATORY DECLARATION OF MEIR J. WESTREICH RE ORDER [08.07.26] [08.10.26] AND CRD E-MAIL CHAIN [08.11.26]; EXHIBITS**<br><br>**Hon. Josephine L. Staton**<br><br>**Date: August 20, 2026**<br>**Time: 9:30 a.m.** |

## DECLARATION OF MEIR J. WESTREICH

1. I am attorney of record for Defendant herein.

2. This explanatory declaration is necessary because of some misconceptions in the Court's Order [08.07.26] [08.10.26] [Dkt 50] and in connection with an e-mail chain with the CRD and government counsel [08.11.26] in which I gave notice of an intended motion to continue the 08.20.26 hearing, briefly stating the rounds and government position, and requesting a date for court availability after 09.16.26 [Exhibit A], as hereinafter further explained.

A. THE CRD E-MAIL CHAIN AND CARTLEDGE ISSUE

3. On its face, it appears that the CRD E-Mail request for hearing date is in response to the Court's recent Order [Dkt 50], with newly crafted grounds, and

inaccurately characterized the government's position – "no objection" – on the intended motion. These are incorrect.

4. The Order [Dkt 50] was executed 08.07.26, entered 08.10.26, and e-mail served to my Pacer e-mail address per usual at 12:03 a.m. on 08.11.26 [Tuesday] [Exhibit B].

5. That e-mail was then errantly deleted from my file, so that I had not seen it – and hence was unaware of it – when I sent the CRD e-mail at 12:48 p.m. on 08.11.26, nor when government counsel responded at 1:49 p.m. repudiating my claim of "no objection" and denying that she was consulted [Exhibit A].

6. In her denial, she referenced a prior court order without further identification. She wad undoubtedly referencing Order [Dkt 50] reaffirming the 08.20.26 hearing date; but as I was unaware then of that Order, I assumed she was referencing an earlier Order [05.12.26] [Dkt 44] where the Court said "no further continuances" where I had some basis in fact for my assumption of "no government objection".

7. It must be made clear that I did not make a knowing or intentional misrepresentation in the e-mail to the CRD.

a. I gave notice by e-mail to government counsel of an intended request for 60-90 day continuance to address the multi-step process of expected court expert appointment [08.04.26].

b. Initial government response: "60-90 days is fine. I would be prepared for the Court to deny it, as it said no more continuances." [08.04.26].

c. My Riposte: "To be clear, do I say that the government's position is that '60-90 days is fine' or do you want me to include the warning." [08.05.26].

d. Final government response: "You can say government has no objection." [08.05.26].

8. I thereafter assumed – perhaps unfairly – that this exchange applied to my ultimately crafted notice to the CRD to seek a calendar date.

9. Had I known of the Order [Dkt 50] when sending the CRD e-mail I would not have assumed that the earlier 08.04-05.26 agreement had any further efficacy of any kind whatsoever.

10. The new Frank Cartledge driver travel / medical problem was then discovered by me [08.05.26], and confirmed in a telephone call with him re his first eye cataract surgery on 08.05.26 [08.06.26] [Exhibit C], followed by more detailed texted information re that and his second expected eye cataract surgery on 08.25.26, and final post-op scheduled appointment on 09.16.26 [Exhibit D].

11. This latter sequence thus had been fully completed before I learned of the Order [Dkt 50]; indeed most before occurrence of the order and the CRD e-mail.

12. After completion of the expert sealed filings [08.06.26] and verification of medical issues and schedule for Mr. Cartledge [08.06.26, 08.10.26], a decision was made to proceed with a shorter request of about five weeks.

13. A requisite calendar inquiry was made to the CRD [08.11.26], and an incorrect assumption was made that government counsel does not object and this was mistakenly added to the inquiry to the CRD [08.11.26].

14. I then prepared the referenced application for continuance and, in process of doing the filing on 08.13.26, I saw the court docket and discovered Order [Dkt 50] and all that had followed from that as above stated.

B. THE ORDER [Dkt 50]

15. Some points needing clarification:

a. I did not request court appointment of an expert, and would prefer otherwise. In P.20, anticipating that appointment per P.19, I requested appointment of someone in Arizona.

b. In describing Dr. Marku as a treating expert, not a forensic expert, I sought to multiply his credibility.

c. 18 U.S.C. §4247(b) states that the Court "may" order the conduct of the examination by committing the defendant to the custody of the Attorney General;

it is not a matter of course as indicated by the Order, p.3 [Dkt 50]. This means the Court must exercise its discretion based on specific supporting findings.

d. It does not at all automatically follow that Mr. Heldman should be remanded to custody. Mr. Heldman has a stellar record with pretrial services herein. Perhaps that should be a matter for recommendation by the appointed expert after review of the records, with opportunity to respond as a matter of due process or law.

16. All of the continuance applications since October 2025 have derived from one continuing condition, the capacity issue, which I was honor bound to raise onc it became an issue – and I made clear in my initial motion was not extant when the plea agreement was reached, i.e. there is no purpose in undermining same.

17. Most litigation attorneys would agree that a fair benchmark in assessing whether they are on a correct and reasonable track is when opposing counsel are in broad and extended agreement, especially when dealing with an office not known to be anything but diligent in their adversarial duty.

18. Government counsel have signified lack of objection for every step except that last misstep [described above]. Indeed, this is precisely the type of interaction and cooperation encouraged by the Rules of Civility & Professionalism.

19. In fairness to adversary counsel, this is a unique, almost unprecedented capacity issue, arising from Rx treatment of his alcoholism and medical problems from the Rx treatments. There is no psychological or psychiatric disorder except the alcoholism that is cured by the Rx treatments, but create their own issues.

20. However, the current condition is temporary, and the situation is gradually improving with proper healthcare and treatment.

21. I am representing Mr. Heldman pro bono, which I had promised to do so long as he becomes and then remains sober. He is currently indigent.

a. Prior to the underlying civil action, I had represented Mr. Heldman as a plaintiff in a federal diversity action. He was sober and the matter settled.

b. In the underlying IP civil action, as a Defendant therein, Mr. Heldman hired a very expensive IP counsel [not me]. A preliminary injunction was issued against him, freezing damages at claimed $600,000.

c. Mr. Heldman retained another expensive IP attorney who initially did not want to appear, so I was associated to assist.

d. I litigated a successful anti-SLAPP motion. But I was cut out of the discovery battles, and it soon became obvious that Mr. Heldman was drinking heavily and I gradually withdrew and substituted out when yet another IP lawyer was retained. [This is already in the record].

e. I told Mr. Heldman that when he is sober he can come back to me.

f. Mr. Heldman continued lavishly spending on attorneys – totaling nearly $1 million [less than 3% paid to me], including a bankruptcy lawyer who insanely took his companies into bankruptcy where a drunk debtor in possession was assured of being replaced, as he was, followed by a $1 million settlement with underlying Plaintiff in a 5-year plan [currently at the halfway mark] that pays Mr. Heldman a few thousand unpredictable dollars per year. He is back in the underlying civil court and was/is in pro per, including when the alleged contempts occurred that gave birth to these criminal charges.

22. The attached exhibits are true and correct copes of the originals depicted.

I declare under penalty of perjury that the above is true and correct. Executed on August 14, 2026 at Pasadena, California.

S/ Meir J. Westreich

Meir J. Westreich

# EXHIBIT A

**Subject:** **RE: [EXTERNAL] Re: Case: 2:25-cr-00540-JLS USA v. Heldman III Miscellaneous Document**
**Date:** 8/11/2026 3:47:51 PM Pacific Daylight Time
**From:** JLS_Chambers@cacd.uscourts.gov
**To:** Kali.Yallourakis@usdoj.gov, meirjw@aol.com

Understood.

I will give defense counsel a new date. This new date does not mean that Judge Staton will approve of the filing.

How about September 24, 2026, at 3:30 pm?

KELLY DAVIS
COURTROOM DEPUTY CLERK
TO THE HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT COURT
CALIFORNIA CENTRAL DISTRICT COURT
350 West 1st Street STE 4311
Los Angeles, CA 90012-4565
Office: (213) 894-2719 Fax: (213) 894-3035
Email: Kelly_Davis@cacd.uscourts.gov

---

**From:** Yallourakis, Kali (USACAC) <Kali.Yallourakis@usdoj.gov>
**Sent:** Tuesday, August 11, 2026 1:49 PM
**To:** Meirjw@aol.com, <meirjw@aol.com>; JLSChambers <JLS_Chambers@cacd.uscourts.gov>
**Subject:** Re: [EXTERNAL] Re: Case: 2:25-cr-00540-JLS USA v. Heldman III Miscellaneous Document

**CAUTION - EXTERNAL:**

Good afternoon counsel and Chambers,

The government was not consulted on this particular request. In light of the Court's prior ruling, the government objects to any request for a further continuance.

Best,
Kali

**Kali M. Yallourakis | Assistant United States Attorney**
T: 213-894-2426 | kali.yallourakis@usdoj.gov

---

**From:** Meirjw@aol.com, <meirjw@aol.com>
**Sent:** Tuesday, 11 August 2026 15:58:41
**To:** JLSChambers <JLS_Chambers@cacd.uscourts.gov>
**Cc:** Yallourakis, Kali (USACAC) <Kali.Yallourakis@usdoj.gov>
**Subject:** [EXTERNAL] Re: Case: 2:25-cr-00540-JLS USA v. Heldman III Miscellaneous Document

I am preparing an application to continue the 08.20.26 hearing, due to health issues / eye surgeries - of Defendant's driver caretaker — who has ground transported him from Stockton AZ (Mr Heldman cannot fly for medical reasons) to all previous court appearances and will continue to do so. He will next be able to do the task commencing after 09.18.26.

Assuming the same practice, please advise re Court availability on a Thursday after 09.18.26.

The government does not object.

Meir J Westreich
626.676.3585

Sent from the all new AOL app for iOS

On Monday, May 11, 2026, 1:43 PM, Meirjw@aol.com, <meirjw@aol.com> wrote:

> August 20 at 10:30 works perfectly. Thank you.
>
> Sent from the all new AOL app for iOS
>
> On Monday, May 11, 2026, 10:38 AM, JLSChambers <JLS_Chambers@cacd.uscourts.gov> wrote:
>
>> Judge Staton handles criminal matters on Thursdays.
>>
>> August 11, 12, 13 are not open dates.
>>
>> How about August 20, 2026, at 10:30 am?.
>>
>> KELLY DAVIS
>> COURTROOM DEPUTY CLERK
>> TO THE HON. JOSEPHINE L. STATON
>> UNITED STATES DISTRICT COURT
>> CALIFORNIA CENTRAL DISTRICT COURT
>> 350 West 1st Street STE 4311
>> Los Angeles, CA 90012-4565
>> Office: (213) 894-2719 Fax: (213) 894-3035
>> Email: Kelly_Davis@cacd.uscourts.gov
>>
>> ---
>>
>> **From:** Meirjw@aol.com, <meirjw@aol.com>
>> **Sent:** Monday, May 11, 2026 9:58 AM
>> **To:** JLSChambers <JLS_Chambers@cacd.uscourts.gov>
>> **Cc:** kali.yallourakis@usdoj.gov
>> **Subject:** Re: Case 2:25-cr-00540-JLS USA v. Heldman III Miscellaneous Document
>>
>> **CAUTION - EXTERNAL:**
>>
>> I have a conflict that date. I am open August 11, 12, 13.
>>
>> In a message dated 5/8/2026 10:48:23 AM Pacific Daylight Time, JLS_Chambers@cacd.uscourts.gov writes:
>>
>>> Hi,
>>>
>>> How about August 6, 2026, at 10:30 am?

# EXHIBIT B

3:50

1 Message Summarize

Found in Inbox

**cacd_ecfmail@cacd.usc** Tuesday
To: ecfnef@cacd.uscourts.gov >

## Summary of ECF Activity

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***** NOTE TO PUBLIC ACCESS USERS *** This Daily Summary Report may contain documents for which one or more of the following policies apply:**

**Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first vi... the referenc... d... ript, the free... y and 30 page limit do not apply.**

*** NOTE TO PUBLIC ACCESS USERS ***

3:50

...ily Summary Report may ...

...tain documents for which ...

...e of the following policies apply:

**Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**There is no charge for viewing opinions.**

**Activity has occurred in the following cases:**

**2:25-cr-00540-JLS USA v. Heldman III**
**Miscellaneous Order 50**

**Docket Text:**
ORDER RE EVALUATION OF MENTAL COMPETENCY OF DEFENDANT ORDER TO APPEAR FOR HEARING by Judge Josephine L. Staton as to Defendant E... the Government di... report in advance of the 8/20/2026 hearing, and to do so no

opinions.

3:50

...ivity has occurred in the fo...
...es:

**2:25-cr-00540-JLS USA v. Heldman III**
**Miscellaneous Order 50**

**Docket Text:**
ORDER RE EVALUATION OF MENTAL COMPETENCY OF DEFENDANT ORDER TO APPEAR FOR HEARING by Judge Josephine L. Staton as to Defendant Edward Heldman III, the Government is directed to file a status report in advance of the 8/20/2026 hearing, and to do so no later than 8/18/2026 (4:00 PM). Defendant is ORDERED TO APPEAR personally on 8/20/2026 at 9:30 AM., for a hearing on this matter. (jp)

**2:25-cr-00540-JLS USA v. Heldman III**
**Notice of Manual Filing (G-92) 51**

**Docket Text:**
SEALED - NOTICE OF MANUAL FILING; Application to File Expert Rx List Addendum Under Seal [UNOPPOSED]. (jp)

**2:25-cr-00540-JLS USA v. Heldman III**
**Declaration 52**

**Docket Text:**
SEALED - DECLARATION of Meir J.
W... ich ... Defe...'s Competen... d
fil... ...t Reports. UND...
SEAL. (jp)

Docket Text:
SEALED - NOTICE OF MANUAL FILING; ...lication to File Expert Rx List ...endum Under Seal [UNOPP...

3:51

2:25-cr-00540-JLS USA v. Heldman III
**Declaration** 52

**Docket Text:**
SEALED - DECLARATION of Meir J. Westreich Re Defedant's Competency and filing of Current Expert Reports. UNDER SEAL. (jp)

2:25-cr-00540-JLS USA v. Heldman III
**Sealed Document** 53

**Docket Text:**
UNDER DOCUMENT DR. LETTERS. (jp)

2:25-cr-00540-JLS USA v. Heldman III
**Sealed Document** 54

**Docket Text:**
UNDER SEAL - RX LISTS. (jp)

2:25-cr-00540-JLS USA v. Heldman III
**Text Only Scheduling Notice 55** ( No document attached )

**Docket Text:**
TEXT ONLY ENTRY by Judge Josephine L. Staton as to Defendant Edward Heldman III.Defendant's Second Application for Extension of Time to File Expert Report ([... 47] ...) ...s moot.THER... NO ... ASSOCIATED WITH THIS ENTRY. (kd) TEXT ONLY ENTRY

# EXHIBIT C


7:11
5G
+18082339567
Call History
Outgoing Call
Canceled
Today · 6:14 PM
Outgoing Call
8 minutes
Tuesday · 1:18 PM
Outgoing Call
1 minute
Tuesday · 1:15 PM
Incoming Call
4 minutes
8/6/26 · 9:34 AM
Outgoing Call
Canceled
8/6/26 · 7:38 AM

# EXHIBIT D


6:17
5G
Ringer
+1 (808) 233-9567
Monday 2:06 PM
Hope you are faring well. Please confirm your dates of surgery (recent) and next.
Right eye cataract surgery was completed on 4 August.
Left eye cataract surgery will be done on 25 August.
Then I have required post-op eye appointments on 26 August, 2 September, and 16 September.
Perfect. Thanks
Tuesday 4:08 PM
Correct spelling on your last name please?
Delivered
Cartledge
Text Message • RCS