**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,
Plaintiff,
v.
EDWARD HELDMAN III,
Defendant.

Case No. 2:25-CR-00540-JLS

**ORDER RE COMPETENCY EVALUATION OF DEFENDANT**

On August 7, 2026, the Court issued an Order addressing Defendant's request for a competency evaluation by a Court-appointed expert and directing the Government to file a status report regarding facilitating such an evaluation pursuant to the provisions of 18 U.S.C. § 4241 and § 4247. (Order, Doc. 50.)

The Government timely filed its Status Report (Doc. 58) outlining the procedures by which the Court "may order that a psychiatric or psychological examination of the defendant be conducted." 18 U.S.C. § 4241(b); *see also* 18 U.S.C. § 4247(b)-(c). The process begins with the Court's finding described in § 4241(a) and (b). Subsection (a) is triggered when a defendant or the Government files a motion for a hearing to determine the

mental competency of the defendant.[1] The Court must grant the motion for a competency hearing where it has reasonable cause to believe the defendant is not mentally competent to stand trial. 18 U.S.C. § 4241(b).

Defendant began making a record of incompetency in October, 2025, including, but not limited to, Defendant's Motion to Set Hearing to Determine Competency, the reports of his treating psychiatrist, his medication lists, and the declarations of his counsel (*see* Docs. 31, 42, & 52-54). Each time a further report was due, Defendant's counsel continued to represent that his client was unable to make competent decisions, the most recent representation of incompetence being less than two weeks ago. Only when, on the Court's order, the Government filed a report explaining the process that would be followed for a court-ordered psychiatric or psychological examination of the defendant did Defendant's counsel decide, quite suddenly, that the issue is "now resolved and there is no basis for further competency examination, hearing or commitment." (Doc. 60 at 6.) The Court is more than a little skeptical at the sudden about-face. Because the Court does not know which of counsel's representations to believe, the Court HEREBY FINDS as follows:

> Presently, there is reasonable cause to believe that the defendant may be suffering from a mental disease or defect rendering him mentally incompetent such that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Accordingly, pursuant to subsection (b) of § 4241, the Court HEREBY ORDERS:

> That that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with

---

[1] Subsection (a) also permits the Court to raise the issue *sua sponte*.

the court, pursuant to the provisions of 18 U.S.C. § 4247(b) and (c).

The Government is ordered to ensure that this Order is delivered to the U.S. Marshals Service ("USMS"). It is the Court's understanding that the Bureau of Prisons ("BOP") will be notified of this Order and will designate a facility to which Defendant will be committed for his competency evaluation. The Court recommends that the examination be conducted at a facility nearest to Scottsdale, Arizona that is both medically appropriate and available. If Defendant has particular, documented medical concerns that may impact the BOP's designation, he may provide those to the BOP within **five (5) days** of the issuance of this Order for the BOP's consideration.

Thereafter, the BOP shall notify the Court of the designated facility and an available surrender date, at which time the Court will issue a further order regarding Defendant's surrender date and location.

Within **five (5) days** after the filing of the psychiatric or psychological report described in § 4247(c), the parties may stipulate to a briefing schedule on the issue of Defendant's mental competency; otherwise, the Court will issue a scheduling order on its own initiative.

**IT IS SO ORDERED.**

DATED: August 20, 2026

HON. JOSEPHINE L. STATON
United States District Judge