**Meir J. Westreich [CSB 73133]**
**Attorney at Law**
**221 East Walnut, Suite 200**
**Pasadena, California 91101**
**626.676.3585**
**meirjw@aol.com**

**Attorney for Defendant**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD HELDMAN III,<br><br>Defendant. | Case No. 2:25-CR-00540-JLS<br><br>**APPLICATION TO EXTEND TIME FOR SUBMISSION OF MEDICAL REPORTS RE DOCUMENTED MEDICAL CONCERNS RE COMMITMENT DESIGNATION; DECLARATION OF MEIR J. WESTREICH**<br><br>**Hon. Josephine L. Staton** |

Defendant Edward Heldman III hereby submits this Application to Extend Time for Submission of Medical Reports re Documented Medical Concerns re Commitment Designation from August 25, 2026 to August 31, 2026. The Application is made on the following grounds.

1. On August 20, 2026 the Court issued its Order [Dkt 62] re competency evaluation of Defendant with concomitant commitment to a facility which – even with an order to select a closest location – will be far way in another state given the facility list already supplied by the government.

2. The Order specifies that "if Defendant has particular, documented medical concerns that may impact the BOP's [facility] designation, he may provide those to

the BOP within **five (5) days** of issuance of this Order for the BOP's consideration." [Dkt, p.3].

3. Even though the Order contemplated possible medical treatment concerns given the Rx medication history, it gave only five (5) calendar days for any documented reports therefor, with two of those days the intervening weekend. Fed.R.Civ.P. 6.

4. Furthermore, the Order was entered 08.21.26 [Dkt 62], hence not served until then; and was ECF-served on 08.22.26 [early Saturday a.m.]. [Exhibit A].

5. Undersigned was engaged in weekend mountain hiking [Angeles Forest], and did not see, open and save the Order until 08.24.26 [Monday a.m.]. [Exhibit B].

6. Defendant does indeed have medical conditions related to his Rx regimen and related factors which must be accommodated, with the specified psychotropic medications and staff able to prescribe and administer same, and effectively treat any issues that may arise; and even in its current stable condition his prescriptive uses are variable, and dependent on variable results and symptoms, as reflected in recent expert reports.

7. Defendant's medical providers have other patients, are not on forensic expert retainers, and are not available to prepare such documented reports on one day notice, if indeed that would be reasonable in a vacuum, and require at least a few days.

8. An extension to 08.31.26 would afford the practical effect of giving Defendant five (5) court days to prepare the required documented reports.

9. Denial of the extension will have serious adverse consequences.

10. This application is based on the following Declaration of Meir J. Westreich.

**NOTICE TO PLAINTIFF**

11. Notice was given by e-mail to AUSA of this request by e-mail [08.24.26], with response [08.24.26]: Opposed.

Dated: August 25, 2026

MEIR J. WESTREICH, ESQ.
/s/ Meir J. Westreich

Meir J. Westreich
Attorney for Defendant

**DECLARATION OF MEIR J. WESTREICH**

1. I am attorney of record for Defendant herein.

2. Defendant Edward Heldman III hereby submits this Application to Extend Time for Submission of Medical Reports re Documented Medical Concerns re Commitment Designation from August 25, 2026 to August 31, 2026.

3. On August 20, 2026 the Court issued its Order [Dkt 62] re competency evaluation of Defendant with concomitant commitment to a facility which – even with an order to select a closest location – will be far way in another state given the facility list already supplied by the government.

4. The Order specifies that "if Defendant has particular, documented medical concerns that may impact the BOP's [facility] designation, he may provide those to the BOP within **five (5) days** of issuance of this Order for the BOP's consideration." [Dkt, p.3].

5. Even though the Order contemplated possible medical treatment concerns given the Rx medication history, it gave only five (5) calendar days for any documented reports therefor, with two of those days the intervening weekend. Fed.R.Civ.P. 6.

6. Furthermore, the Order was entered 08.21.26 [Dkt 62], hence not served until then; and was ECF-served on 08.22.26 [early Saturday a.m.]. [Exhibit A].

7. I was engaged in weekend mountain hiking [Angeles Forest], and did not see, open and save the Order until 08.24.26 [Monday a.m.]. [Exhibit B].

8. Defendant does indeed have medical conditions related to his Rx regimen and related factors which must be accommodated, with the specified psychotropic medications and staff able to prescribe and administer same, and effectively treat any

issues that may arise; and even in its current stable condition his prescriptive uses are variable, and dependent on variable results and symptoms, as reflected in recent expert reports

9. Defendant's medical providers have other patients, are not on forensic expert retainers, and are not available to prepare such documented reports on one day notice, if indeed that would be reasonable in a vacuum, and require at last a few days.

10. An extension to 08.31.26 would afford the practical effect of giving Defendant five (5) court days to prepare the required documented reports.

11. Denial of the extension will have serious adverse consequences.

**NOTICE TO PLAINTIFF**

12. Notice was given by e-mail to AUSA of this request by e-mail [08.24.26], with response [08.24.26]: Opposed.

I declare under penalty of perjury that the above is true and correct. Executed on August 25, 2026 at Pasadena, California.

S/ Meir J. Westreich

Meir J. Westreich

# EXHIBIT A

Subject: **Summary of ECF Activity**
Date: 8/22/2026 12:03:27 AM Pacific Daylight Time
From: cacd_ecfmail@cacd.uscourts.gov
To: ecfnef@cacd.uscourts.gov

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***** NOTE TO PUBLIC ACCESS USERS *****
**This Daily Summary Report may contain documents for which one or more of the following policies apply:**

**Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**There is no charge for viewing opinions.**

**Activity has occurred in the following cases:**

**2:25-cr-00540-JLS USA v. Heldman III**
**Miscellaneous Order 62**

**Docket Text:**
ORDER Re Competency Evaluation of Defendant by Judge Josephine L. Staton as to Defendant Edward Heldman III. See document for further information. (jp)

# EXHIBIT B


Na...
Date modified
Type
Size
62. Order Competency. Evaluation [08.20.26]
Type: Adobe Acrobat Document
Size: 747 KB
Date modified: 8/24/2026 10:18 AM