**Meir J. Westreich [CSB 73133]**
**Attorney at Law**
**221 East Walnut, Suite 200**
**Pasadena, California 91101**
**626.676.3585**
**meirjw@aol.com**

**Attorney for Defendant**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD HELDMAN III,<br><br>Defendant. | Case No. 2:25-CR-00540-JLS<br><br>**BRIEF RE COMPETENCY EVALUATION COMMITMENT; OBJECTIONS TO SAID ORDERS AND GOVERNMENT ACTIONS; EXHIBITS A-B**<br><br>**Hon. Josephine L. Staton**<br><br>Hearing:<br>Date: None<br>Time: 9:30 a.m. |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### TO THE EXTENT THAT THE COURT ELECTS TO ORDER EVALUATION OF DEFENDANT, DEFENSE OBJECTS TO ANY ORDER THAT DIRECTS IT TO BE COMPLETED WHILE COMMITTED TO THE CUSTODY OF THE ATTORNEY GENERAL

The Court's Orders [08.07.26] [entered 08.10.26] [Dkt 50] and [08.20.26] [Dkt 52] seems to assume – as does the Government in its Status Reports [08.19.26 & 10.01.26] [Dkts 58 & 69] – that any evaluation of competency is to be conducted as a matter of course by commitment of defendant to the custody of the Attorney General, Bureau of Prisons [BOP], i.e. the evaluation is to be conducted in custody, not out of custody.

The Ninth Circuit has not directly addressed this issue. But by implication it suggests the matter is more complex.

> "For an initial psychological evaluation of a pretrial defendant—the step before commitment for competency restoration evaluation—Congress employed almost identical language to §4241(d), except that it used the permissive verb 'may' in §4247(b). See 18 U.S.C. §4247(b) ('[T]he court *may* commit the person to be examined for a reasonable period ... to the custody of the Attorney General for placement in a suitable facility.') (emphasis added))."

*United States v. Quintero*, 995 F.3d 1044, 1050 (9th Cir. 2021) (distinguishing a related pretrial examination).

In *Quintero*, the Court was rejecting the contention that custodial treatment ["shall"] post-finding of incompetency was discretionary, by noting the clear mandate that pre-finding examination custody is discretionary ["may"]. The Court does not *per se* discuss how the discretion is to be exercised. But in its subsequent discussions therein of several constitutional arguments for requiring post-finding discretion it declines to reject the statutory "shall" mandate, but still gives serious import to the weighty constitutional implications for involuntary custody, which surely should inform a Court's exercise of discretion when applying the "may" mandate. *Cf Lopez-Valenzuela v. Arpaio, supra; United States v. Quntero, supra*.

Other circuits have addressed the issue of what is meant by "may" when a Defendant is on court-ordered pretrial bail release by right, implicating 8th Amendment [reasonable bail] pretrial release rights and corresponding 5th / 14th Amendment procedural and substantive due process rights for deprivation of liberty, and there is an order for evaluation of Defendant's mental competency. These Courts operate from the due process premise that its deprivation is warranted only when the Government has by competent evidence shown that it is necessary to either ensure Defendant's presence at trial or to serve a compelling government interest by

narrowly tailored means, i.e. means that are least restrictive of the Defendant's liberty interests. *See e.g. United States v. Neal,* 679 F.3d 737, 740-41 (8th Cir. 2012); *United States v. Deters,* 143 F.3d 577, 582-83 (10th Cir. 1998); *In re Newchurch*, 807 F.2d 404, 408-409 (5th Cir. 1986). *See generally Lopez-Valenzuela v. Arpaio*, 770 F.3d 772, 777-80 (9th Cir. 2014) (en banc) (summarizing case law applying substantive due process to the fundamental liberty interests of pretrial detainees).

> "[I]f a defendant [on bail] so requests, his commitment shall be limited to examination on an outpatient basis. However, inpatient commitment shall be ordered if the court is advised by a report of hospital authorities, setting forth reasonable grounds, that such inpatient commitment is necessary to secure an effective examination."

*Marcy v. Harris*, 400 F.2d 772, 774 (D.C.Cir. 1968) (involving pretrial determination of competency). *Accord, In re Newchurch*, 807 F.2d at 410 (citing *Marcy*). Where pretrial bail release has already been ordered and would be effectively revoked with an in custody commitment order, that right to bail release, once otherwise established in the case, must prevail unless "confinement is necessary for an effective examination."*Marcy*, 400 F.2d at 775.

"In the absence of some evidence that commitment is necessary, a district court should not exact such a deprivation of liberty." *In re Newchurch*, 807 F.2d at 410. The court should require Government evidence re why in custody evaluation is necessary, i.e. out-of-custody evaluation will not suffice. *See United States v. Song*, 530 Fed. Appx. 255, 259 (4th Cir. 2013) (unpublished); *United States v. Neal,* 679 F.3d at 741; *In re Newchurch*, 807 F.2d at 410.

The court must make findings of fact that in custody evaluation is necessary, *i.e.* its order must be supported by sufficient findings. *See United States v. Song*, 530 Fed. Appx. at 260; *United States v. Neal,* 679 F.3d at 741-42; *United States v. Deters,* 143 F.3d at 583-84. Failing that, in-custody evaluation orders have been vacated and remanded. *See United States v. Song*, 530 Fed. Appx. at 259; *United States v. Neal,*

679 F.3d at 741; *In re Newchurch*, 807 F.2d at 410. *Compare Jackson v. Indiana*, 406 U.S. 715, 718 (1972) (court honored defense request in first instance for out-of-custody evaluation).

In sum, surely one consideration should be whether the required evaluation – after defining the scope thereof – is whether the evaluation can reasonably be conducted without commitment to said custody, thereby respecting defendant's pretrial liberty rights under the 5th Amendment [due process] and 8th Amendment [pretrial bail release], the latter already prescribed by an existing bail release order and pretrial release agreement, to which defendant had remained faithful. This can be effected by ether directing the appointed evaluator, once ordered, to review existing reports and report to the Court on whether the evaluation requires custody; or directing the government to marshal any evidence that such custody is indicated. In either case, defendant should be afforded an opportunity thereafter to respond and be heard before the discretion is finally exercised.

## II.
## DEFENDANT OBJECTS TO THE GOVERNMENT ATTEMPT TO COMPEL BUREAU OF PRISONS CUSTODIAL EVALUATION WITHOUT REQUISITE CONSTITUTIONAL PROTECTION AND CONTRARY TO THIS COURT'S ORDER [DKT 62]

In accordance with the authorities in the preceding section, the Government is obliged to first and foremost justify to this Court and Defendant why it cannot conduct the required competency evaluation, specific to the facts of this case, in an put of custody setting, especially given the narrow Rx medication aspect of the competency issue and the highly liberty intrusive and restrictive cnditions of custody within the Bureau of Prisons [BOP].

Furthermore, the Government is obliged to comply with the procedural framework of this Court's Order [08.20.26] [Dkt 62]. Yet the Government refuses to do so and insists on compliance with its own Status Report [Dkt 58] filed 08.17.26. In response to this Court's further Order [09.25.26] [Dkt 68] for a Government Status Report by 10.02.26, it has so far blamed Defendant for not complying with an

unknown Government directive to Defendant, by unknown means on 08.24.26, to report by 09.15.26 to an unspecified San Diego BOP facility. [Dkt 69]. [Exhibit B].

First, The Court's Competency Examination Order [08.20.26] [Dk 62], copied to defense counsel by AUSA on 08.24.26 – in an e-mail without any hint of any designation of any kind [Exhibit A] – expressly provides as follows:

` a. Defendant was afforded until 08.25.26 to provide evidence of documented medical concerns to be considered by the Government in making its designation. Timely application was made to extend this date to 08.31.26, and an order granted same [08.26.26] [Dkt 64]; and a clearly insufficient provisional submission was made by e-mail to AUSA on 08.25.26, and a completed one was made on 08.31.26, which AUSA concedes in her latest Status Report [Dkt 69].

b. The Government was then to designate a facility and available surrender date, "at which time the Court will issue a further order regarding Defendant's surrender date and location." [Dkt 62]. The latter obviously assumes service on defense counsel and hence an opportunity thereafter to be timely heard [due process] in the intervening period [as is occurring herein].

Second, the Government could not possibly have considered any of the medical concerns, as expected by the Order – initially by 08.25.26 [Dkt 62] – in a designation on 08.24.26 [Exhibit B]. The Court was obviously respecting the constitutional requirements for appropriate medical treatment when in custody. *See Oregon Advocacy Center v. Mink*, 322 F.3d 1101, 1120-21 (9th Cir. 2003). The Government, by making its designation on 08.24.26 [Dkt 69] [Exhibit B] clearly did not do so, and exacerbates the problem by seeking now to trivialize it [Dkt 69] [Exhibit B].

Third, no Government designation was made or served [or received by Defendant [counsel] as specified in the Order [Dkt 62]. Hence, no further order was issued or served [or received by Defendant [via counsel]].

Fourth, the 09.25.26 e-mail to defense counsel [Exhibit B] was the first notice of the supposed designations on 08.24.26, with an 09.15.26 ostensible compliance

date, and hence Defendant had no legal or actual notice.

[Note. Exhibits A and B are true and correct copies of the depicted e-mails.]

Finally, the Government seeks to compel Defendant an/or his counsel – not clear which – to deal directly with BOP. AUSA protests that he is not counsel for BOP. That misses two key points. First, AUSA is not counsel for the FBI either, but prosecutor and police are necessarily, for key obligations to the defense in criminal proceedings, deemed a single functional entity. *See Kyles v. Whitley*, 514 U.S. 419, 438 (1994). Second, it is functionally ludicrous to assume that a defendant and/or private defense counsel is/are gong to be able to secure from BOP its compliance with Defendant's due process rights as partially informed by his medical needs and reports, and partially informed by constitutional rules and regulations for prisons, all too often observed in the breach.

**CONCLUSION**

The Court in its most recent commitment order [Dkt 62] did not address Defendant's Objection [Dkt 60] to the Court's initial commitment order [Dkt 50], to the same effect. Defendant respectfully requests the Court to address this renewed set of more detailed and more extensively briefed set of objections, and to accommodate them by a new order for an out-of-custody evaluation, or implementation of a procedural framework which will address said defense request as prescribed herein.

Dated: October 2, 2026

Respectfully submitted,

/s/ Meir J. Westreich

Meir J. Westreich
Attorney for Defendant

# EXHIBIT A

| | |
|---|---|
| Subject: | **RE: [EXTERNAL] Re: Case: 2:25-cr-00540-JLS USA v. Heldman III Miscellaneous Document** |
| Date: | 8/24/2026 12:01:18 PM Pacific Daylight Time |
| From: | Kali.Yallourakis@usdoj.gov |
| To: | meirjw@aol.com |
| Cc: | Michael.Brown@usdoj.gov |

Meir,

Dkt. 62, attached, she did address your objection and said she exercises her discretion and orders him committed – so that matter is settled. The Marshals have been notified. My position is that anything in the court order stands, and the timing runs from the date of the order, regardless of any difficulty you may personally have getting ECF notifications.

Thank you,
Kali

---

**From:** Meirjw@aol.com, <meirjw@aol.com>
**Sent:** Monday, August 24, 2026 11:57 AM
**To:** Yallourakis, Kali (USACAC) <Kali.Yallourakis@usdoj.gov>
**Subject:** Re: [EXTERNAL] Re: Case: 2:25-cr-00540-JLS USA v. Heldman III Miscellaneous Document

**Kali**

**Re the Court Order [Dkt 62] giving me 5 days to procure any necessary medical input.**

**-- Though dated 08.20.26, it was entered 08.21.26 and hence not issued until then.**

**-- I was e-served 08.22.26 [see attachment] which was Saturday and I was out of town,**

**-- I received and saved it about an hour ago [attachment].**

**-- I am not sure whether it is 5 court days [08.27.26], calendar days [08.25.26], or any service add-on.**

**There is no way i can get this information from at least two medical professionals bi 08.25.26, and even 08.27.26 is problematical. I think I should have 5 days from receipt today [08.31.26] which would moot the court v. calendar days issue. I need to take this up with the Court. What can I report as your position?**

**On another matter, the Court did not address my objection re the commitment issue; and there is nothing in the order which could be described as evidencing an exercise if discretion. I had also suggested on that matter that the government provide some indication of whether that is necessary to conduct this specific evaluation, to inform the exercise of discretion. Do you have any response to that proposal?**

**meir**

In a message dated 8/19/2026 9:22:43 PM Pacific Daylight Time, meirjw@aol.com writes:

> Preview of: [Proposed] Order on Application to Fille Expert Reports and Rx Lists [08.19.26].pdf

# EXHIBIT B

Subject: **RE: [EXTERNAL] Re: Case: 2:25-cr-00540-JLS USA v. Heldman III Supplemental Submission**
Date: 9/25/2026 4:13:04 PM Pacific Daylight Time
From: Kali.Yallourakis@usdoj.gov
To: meirjw@aol.com
Cc: Michael.Brown@usdoj.gov

Meir,

Absent any ruling from the Court to the contrary, your client was supposed to surrender Sept. 15 for his competency evaluation, for which he was designated to MCC San Diego on Aug. 24.

I've been ordered to file a status report. Your client does not show up on the BOP website, so I assume he did not surrender.

Please confirm he has not surrender so I can finalize my status report to the Court.

Thank you,
Kali

**Kali M. Yallourakis | Assistant United States Attorney**
T: 213-894-2426 | kali.yallourakis@usdoj.gov

---

**From:** Meirjw@aol.com, <meirjw@aol.com>
**Sent:** Wednesday, September 9, 2026 9:37 AM
**To:** Yallourakis, Kali (USACAC) <Kali.Yallourakis@usdoj.gov>
**Cc:** Brown, Michael (USACAC) <Michael.Brown@usdoj.gov>
**Subject:** Re: [EXTERNAL] Re: Case: 2:25-cr-00540-JLS USA v. Heldman III Supplemental Submission

**See attached Supplemental Submission which augments the previous Submission [08.31.26] and Provisional Submission [08.25.26]. These were previously submitted by defendant to pretrial services [09.08.26] in response to their request for current therapy / counseling treatment plans. The one from Dr. Marku [08.16.26] duplicates an item in a previous submission to you; the other one is new 08.31.26].**

In a message dated 8/31/2026 5:03:15 PM Pacific Daylight Time, meirjw@aol.com writes:

> **See attached Submission which augments the Provisional Submission [08.25.26].**
>
> In a message dated 8/25/2026 6:59:05 PM Pacific Daylight Time, meirjw@aol.com writes:
>
> > **See attached Provisional Submission.**
> >
> > In a message dated 8/24/2026 11:56:33 AM Pacific Daylight Time, meirjw@aol.com writes:
> >
> > > **Kali**
> > >
> > > **Re the Court Order [Dkt 62] giving me 5 days to procure any necessary medical input.**

**-- Though dated 08.20.26, it was entered 08.21.26 and hence not issued until then.**

**-- I was e-served 08.22.26 [see attachment] which was Saturday and I was out of town,**

**-- I received and saved it about an hour ago [attachment].**

**-- I am not sure whether it is 5 court days [08.27.26], calendar days [08.25.26], or any service add-on.**

**There is no way i can get this information from at least two medical professionals bi 08.25.26, and even 08.27.26 is problematical. I think I should have 5 days from receipt today [08.31.26] which would moot the court v. calendar days issue. I need to take this up with the Court. What can I report as your position?**

**On another matter, the Court did not address my objection re the commitment issue; and there is nothing in the order which could be described as evidencing an exercise if discretion. I had also suggested on that matter that the government provide some indication of whether that is necessary to conduct this specific evaluation, to inform the exercise of discretion. Do you have any response to that proposal?**

**meir**

In a message dated 8/19/2026 9:22:43 PM Pacific Daylight Time, meirjw@aol.com writes:

> Preview of: [Proposed] Order on Application to Fille Expert Reports and Rx Lists [08.19.26].pdf