**Meir J. Westreich [CSB 73133]**
**Attorney at Law**
**221 East Walnut, Suite 200**
**Pasadena, California 91101**
**626.676.3585**
**meirjw@aol.com**

**Attorney for Defendant**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD HELDMAN III,<br><br>Defendant. | Case No. 2:25-CR-00540-JLS<br><br>**NOTICE OF MOTION AND MOTION TO MODIFY AND/OR RECONSIDER ORDERS [DKT 50] [08.07.26], [DKT 62] [08.20.26] AND [DKT 75] [10.05.26] RE IN-CUSTODY PORTION OF ORDERS FOR COMPETENCY EVALUATION; DECLARATION OF MEIR J. WESTREICH**<br><br>**Hon. Josephine L. Staton**<br><br>Hearing:<br>Date: November 5, 2026<br>Time: 9:30 a.m. |

Defendant Edward Heldman III submits this Notice of Motion and Motion to Modify and/or Reconsider Orders: [Dkt 50] [08.07.26], [Dkt 62] [08.20.26] and [Dkt 75] [10.05.26] re the in-custody portion of said orders for competency evaluation, by either: (1) providing that the competency evaluation be conducted by the Government by an out-patient process at a facility nearest to Defendant's Arizona residence, in accordance with the competency issues raised by the originating motion; or, in the alternative, (2) ordering the Government to show cause by competent, clear and convincing evidence that the competency evaluation cannot be effected by an out-

patient process and that an in-custody evaluation is necessary notwithstanding constitutional requirements under the Fifth Amendment [due process] and Eighth Amendment [right to bail].

The motion will and is hereby made on the grounds that Defendant is currently on court ordered bail release and is in full compliance with the conditions and Court approved and ordered release agreement therewith; on the conditional language of the governing statute and its presumption in favor of out-patient evaluation absent informed judicial exercise of discretion to the contrary, on all required considerations; and/or on Defendant's liberty rights and interests under the Fifth Amendment [due process] and Eighth Amendment [right to bail], as conditions precedent to any deprivation of liberty via an in-custody competency evaluation.

The motion will and is hereby made on the further grounds that the Government submissions and the Court rulings do not meet the constitutional and other legal standards for requiring and ordering in-custody competency evaluations as specified in legal authorities previously [Dkt 70-72] and herein again cited by Defendant; the Government has again failed to comply with the Court's Order to designate a facility to which the Court can then order for self-surrender [Dkt 62] [08.20.26] and [Dkt 75] [10.05.26], and that the facility be one that is closest to Defendant' residence [Dkt 62] [08.20.26], by designating a Phoenix, Arizona courthouse from which the Government then will presumably transport Defendant to whatever facility is actually being designated; and the Court has failed to consider, or has misapprehended key points made by Defendant. Or, in the alternative, Defendant requests a further order staying any in-custody order pending appeal.

The motion will be based on the following Declaration and Memorandum.

Dated: October 7, 2026

MEIR J. WESTREICH, ESQ.

/s/ Meir J. Westreich

Meir J. Westreich
Attorney for Defendant

## DECLARATION OF MEIR J. WESTREICH

1. I am attorney of record for Defendant herein.

2. Defendant Edward Heldman III concurrently filed "Notice of Manual Filing of medical reports and records submitted to the Government for the prospective court ordered in-custody competency evaluation per the Court's Order [08.20.26] [Dkt 62]: Provisional Submission [08.25.26]; Second Submission [08.31.26]; Supplemental Submission [09.09.26]; Second Supplemental Submission [10.05.26].

3. The governing statutory scheme [18 U.S.C. §4241 et seq.] does not on its terms address competency issues when raised by defense counsel for defendant; rather, it is to be found in *Dusky v. United States*, 362 U.S. 402, 402 (1960) (i.e. Defendant is unable to understand the nature and consequences of the court proceedings **or** lacks the "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding").

4. I only invoked the latter basis, i.e. Defendant then lacked the "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding," *see Dusky v. United States*, 362 U.S. 402, 402 (1960), **which on its face does not require an expert ultimate fact opinion re mental capacity, only the opinions re medical documentation of the cited stated factual bases for th attorney opinion** [excerpted hereinafter].

a. Prescribed psychotropic medication issues have resulted in a mental competency problem requiring defense counsel to make the requisite assertions and invoke the statute governing same.

b. As reported in an earlier filing, a problem has surfaced with Defendant that was not extant when he signed off on the plea agreement, nor when he was arraigned and agreed to the full range of pretrial release conditions, wherein – on each occasion – I joined. It started when initially misguided and incompetent efforts were commenced to get him off of the medications].

i. Now they are causing severe problems complicated by the fact that one cannot stop them suddenly, and they conflict; and there are problems with dosage and negative interactions; and further complicated by differing dosage prescriptions by differing treating professionals. The result is severe sleep and eating disorders that magnify his day to day emotional and coping state.

ii. These include severe Rx problems from multiple often conflicting mind-altering drugs, in widely varying schedules and dosages, with severe consequences in conjunction with his mental symptoms and syndromes, including debilitating, prolonged migraine headaches, sleeplessness followed by extended exhaustion, radical mood-swings, followed by withdrawal problems when dosages are reduced.

c. The shifting providers with varying and contradictory prescriptions and treatment recommendations complicated the process of securing a single provider to issue a requisite mental status report.

d. Defendant, seeking stability and better coordinated and more professional care, and with new assistance from a friend, attended two MD psychiatrists [Arizona is different from California in this regard] – Dr. Morgan Zingsheim and Dr. Karl Marku – and Dr. Marku then took over his care, including administration of medication regimens.

5. My reference to Der. Marku as a treating expert rather than a retained adversary advocate expert was intended to afford greater credibility to his observations re the Rx problems, not to diminish his efficacy; and he provided the expert reprts that were asked of him.

6. On October 23, 2025 the Court granted defense motion to determine competency, setting a hearing thereon for January 8, 2026; ordered government to decide by November 7, 2025 whether it would seek its own expert valuation; and ordered expert reports to be filed by December 9, 2025.

7. On November 7, 2025, the Government filed its declination to seek its own expert valuation. This reinforced my above described perceptions and opinions.

8. On unopposed defense applications, the competency hearing was continued to 03.19.26, 05.28.26 and 08.20.26, with corresponding orders for additional expert reports before each hearing, all of which were filed by Defendant.

9. As above described, the gravamen of the competency motion was a mental condition derived from psychotropic medications administered for alcohol dependency and bipolar depression. In an effort to wean Heldman from the first after longtime application, it was prematurely and improperly withdrawn which caused mental issues, and triggered the bipolar issues; and the drugs administered for the latter further exacerbated the problems with the former; and ad hoc efforts to address these issues by multiple experts made matters still worse.

10. Heldman has for the past forty eight+ weeks seen a psychiatrist [Dr. Karl RR Marku], on a weekly basis, who has assumed control of the medications regimen and stabilized the situation, in part by putting him back on Kolonopin for alcohol abuse control where he ill remain for the foreseeable future; and Defendant is also receiving counseling therapy, also required and confirmed by pretrial services.

11. The current details of his condition are specified in the Expert Reports on 04.23.26, 05.07.26, 07.09.26, 08.04.26, 08.06.26 08.18.26 and 09.24.26 [new] reports. The original Rx medication problem has now been resolved – as anticipated in the May Report [05.07.26] and May Rx Report [05.07.26] – per the August Rx Report Addendum [08.06.26], the Rx Supplemental Report [08.18.26] and the Update Report [09.24.26], amplifying the July-August Reports [07.09.26 and 08.04.26].

12. In accordance with this Court's Orders for In-Custody Competency Evaluations [08.04.26 and 08.20.26] [Dkt 50 and 62], medical documents have been submitted to the Government regarding medical needs in any in-custody evaluation, also now filed with a *Notice of Manual Filing Under Seal* [with attachments] [10.05.26]: Provisional Submission [08.25.26]; Second Submission [08.31.26];

Supplemental Submission [09.09.26]; Second Supplemental Submission [10.05.26], now approved for manual filing [Dkt 77]. This means proper expert management, not simply writing Rx script; and avoiding a repeat of the disaster that occurred in the hiatus between qualified professionals; and AUSA efforts to trivialize this means that there will not be the necessary in-custody treatment

13. Defendant has resided in the same household, with his parents since 2007 when they all moved to Arizona, and since his father passed away in 2019, he has been the sole caretaker of his now 80 year old mother.

14. The Marku Reports submitted under seal are true and correct copies of the Originals; the Treatment Report submitted under seal is a true and correct copy of the report submitted to Pretrial Services per their request; the medical records submissions submitted under seal are true and correct copies of the records submitted to the Government [08.25.26; 08.31.26; 09.09.26; 10.05.26].

15. The documents submitted under seal are cited and relied on in Defendant's Brief and Objections to In-Custody Competency Evaluation [10.05.26] [Dkt 70-72]; and Defendant request judicial notice thereof and incorporates herein the contents.

16. The factual averments in the Defendant's Brief and Objections to In-Custody Competency Evaluation [10.05.26] [Dkt 70] are incorporated herein by this reference.

17. I attempted to meet and confer with AUSA by e-mail [10.05.26 and 10.07.26] with no response.

I declare under penalty of perjury that the above is true and correct. Executed on October 7, 2026 at Pasadena, California.

s/ Meir J. Westreich

Meir J. Westreich

## MEMORANDUM

The Government seeks to compel Defendant's counsel to deal directly with Bureau of Prisons [BOP] for submission of these records per the Court's Order [08.20.26] [Dkt 62]. AUSA protests that she is not counsel for BOP. That misses two key points.

First, AUSA is not counsel for the FBI either, but prosecutor and police are necessarily, for key obligations to the defense in criminal proceedings, deemed a single functional entity, for obvious practical considerations. *See Kyles v. Whitley*, 514 U.S. 419, 438 (1994).

Second, it is not merely a matter of knowing the identity of the relevant and fully qualified and authorized personnel, but also who will and does then in fact perform as required. It is functionally ludicrous to assume that a private defense counsel is going to be able to secure from BOP its compliance with Defendant's due process rights as partially informed by his medical needs and reports, and partially informed by constitutional rules and regulations for prisons, all too often observed in the breach, sometimes with government attorneys protesting their helplessness. In any event, the AUSA reported in her Status Report [10.01.26] [Dkt 69] that she passed the first three submissions on to the BOP, and presumably will do so with the fourth just sent [10.05.26].

Dated: October 5, 2026 Respectfully submitted,

/s/ Meir J. Westreich

Meir J. Westreich
Attorney for Defendant