**Meir J. Westreich [CSB 73133]**
**Attorney at Law**
**221 East Walnut, Suite 200**
**Pasadena, California 91101**
**626.676.3585**
**meirjw@aol.com**

**Attorney for Defendant**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD HELDMAN III,<br><br>Defendant. | Case No. 2:25-CR-00540-JLS<br><br>**APPLICATION TO FILE UNDER SEAL MEDICAL DOCUMENT RE APPLICATION FOR STAY PENDING APPEAL; DECLARATION OF MEIR J. WESTREICH; MEMORANDUM**<br><br>**Hon. Josephine L. Staton** |

Defendant Edward Heldman III submits this Application to File Under Seal a medical documents submitted to the Government for the in-custody competency evaluation per Court Order [08.20.26] [Dkt 62]: Third Supplemental Submission [10.09.26]; and the concurrently filed Application for Stay Pending Appeal. The application is made on grounds that is specified in Defendant's; and based on the following Declaration and Memorandum, and mentioned documents.

Dated: October 9, 2026 MEIR J. WESTREICH, ESQ.

/s/ Meir J. Westreich

Meir J. Westreich
Attorney for Defendant

# DECLARATION OF MEIR J. WESTREICH

1. I am attorney of record for Defendant herein.

2. Defendant Edward Heldman III is concurrently filing "Notice of Manual Filing of medical reports and records submitted to the Government for the prospective court ordered in-custody competency evaluation per the Court's Order [08.20.26] [Dkt 62]: Third Supplemental Submission [10.09.26].

3. On October 23, 2025 the Court granted defense motion to determine competency, setting a hearing thereon for January 8, 2026; ordered government to decide by November 7, 2025 whether it would seek its own expert valuation; and ordered expert reports to be filed by December 9, 2025.

4. On November 7, 2025, the Government filed its declination to seek its own expert valuation.

5. On unopposed defense applications, the competency hearing was continued to 03.19.26, 05.28.26 and 08.20.326, with corresponding orders for additional expert reports before each hearing, all of which were filed by Defendant.

6. The gravamen of the competency motion was a mental condition derived from psychotropic medications administered for alcohol dependency and bipolar depression. In an effort to wean Heldman from the first after longtime application, it was prematurely and improperly withdrawn which caused mental issues, and triggered the bipolar issues; and the drugs administered for the latter further exacerbated the problems with the former; and ad hoc efforts to address these issues by multiple experts made matters still worse.

7. Heldman has for the past forty eight+ weeks seen a psychiatrist [Dr. Karl RR Marku], on a weekly basis, who has assumed control of the medications regimen and stabilized the situation; and Defendant he is also receiving counseling therapy, also required and confirmed by pretrial services.

8. The current details of his condition are specified in the Expert Reports on 04.23.26, 05.07.26, 07.09.26, 08.04.26, 08.06.26 08.18.26, 09.24.26 and 10.09.26

[new] reports. The original Rx medication problem has now been resolved – as anticipated in the May Report [05.07.26] and May Rx Report [05.07.26] – per the August Rx Report Addendum [08.06.26], the Rx Supplemental Report [08.18.26] and the Update Report [09.24.26], amplifying the July-August Reports [07.09.26 and 08.04.26].

9. In accordance with this Court's Orders for In-Custody Competency Evaluations [08.04.26 and 08.20.26] [Dkt 50 and 62], medical documents have been submitted to the Government regarding medical needs in any in-custody evaluation, also now filed with a *Notice of Manual Filing Under Seal* [with attachments] [10.05.26]: Provisional Submission [08.25.26]; Second Submission [08.31.26]; Supplemental Submission [09.09.26]; Second Supplemental Submission [10.05.26]; Third Supplemental Submission [10.09.26].

10. The Marku Reports submitted under seal are true and correct copies of the Originals; the Treatment Report submitted under seal is a true and correct copy of the report submitted to Pretrial Services per their request; the medical records submissions submitted under seal are true and correct copies of the records submitted to the Government [08.25.26; 08.31.26; 09.09.26; 10.05.26; 10.09.26].

11. The documents submitted under seal are cited and relied on in Defendant's Brief and Objections to In-Custody Competency Evaluation [10.05.26] [Dkt 70].

I declare under penalty of perjury that the above is true and correct. Executed on October 9, 2026 at Pasadena, California.

S/ Meir J. Westreich

Meir J. Westreich

## MEMORANDUM

The Government seeks to compel Defendant's counsel to deal directly with Bureau of Prisons [BOP] for submission of these records per the Court's Order [08.20.26] [Dkt 62]. AUSA protests that she is not counsel for BOP. That misses two key points.

First, AUSA is not counsel for the FBI either, but prosecutor and police are necessarily, for key obligations to the defense in criminal proceedings, deemed a single functional entity, for obvious practical considerations. *See Kyles v. Whitley*, 514 U.S. 419, 438 (1994).

Second, it is not merely a matter of knowing the identity of the relevant and fully qualified and authorized personnel, but also who will and does then in fact perform as required. It is functionally ludicrous to assume that a private defense counsel is going to be able to secure from BOP its compliance with Defendant's due process rights as partially informed by his medical needs and reports, and partially informed by constitutional rules and regulations for prisons, all too often observed in the breach, sometimes with government attorneys protesting their helplessness. In any event, the AUSA reported in her Status Report [10.01.26] [Dkt 69] that she passed the first three submissions on to the BOP, and presumably will do so with the fourth [10.05.26] and fifth [10.09.26].

Dated: October 9, 2026

Respectfully submitted,

/s/ Meir J. Westreich

Meir J. Westreich
Attorney for Defendant